# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA SMITH, | No. 4:20-CV-00264 |
| Plaintiff. | (Judge Brann) |
| v. | |
| SCI MUNCY, DEPUTY FRANTZ, MS. MCKEE, and MR. SMITH, | |
| Defendants. | |

## MEMORANDUM OPINION

### MARCH 10, 2020

**I.  BACKGROUND**

This *pro se* civil rights action pursuant to 42 U.S.C. § 1983 was filed by Lisa Smith, a state prisoner presently confined at the State Correctional Institution at Cambridge Spring in Cambridge, Pennsylvania.[1] This matter was recently transferred from the United States District Court for the Eastern District of Pennsylvania because the conduct of which Plaintiff complaints occurred while she was incarcerated at the State Correctional Institution at Muncy in Muncy, Pennsylvania.[2] Named as Defendants are Deputy Frantz, Ms. McKee, and Mr.

---

[1] *See* ECF No. 1.
[2] *See* ECF Nos. 7, 8.

1

Smith.³ Plaintiff also includes in the case caption as a defendant SCI Muncy, although there are no allegations against SCI Muncy in the complaint.⁴

In the complaint, Plaintiff alleges that she was sexually harassed every day at SCI Muncy by a guard named Anthony Porter.⁵ She alleges that he would come to her cell, tell her to strip, make inappropriate comments about her body, and tell her to move in a sexually suggestive way.⁶ She explains that while this would occur, her roommate would pretend to be asleep, however she witnessed it all.⁷ At some point, it appears, Plaintiff reported this conduct and the perpetrator was fired and charged criminally.⁸ Plaintiff reports that she went to court for the criminal proceedings, and he now cannot work in a prison or own a gun. For relief, Plaintiff requests $35,000 in damages in addition to stronger PREA [Prison Rape Elimination Act] laws "because the guards in prison think [PREA] is a joke."⁹

## II. DISCUSSION

Sections 1915(e)(2) and 1915A require a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis* and in which a plaintiff is incarcerated.¹⁰ The Court must *sua sponte* dismiss any claim that is

---

3   ECF No. 1.
4   *Id.*
5   *Id.* at 3.
6   *Id.*
7   *Id.*
8   *Id.*
9   *Id.* at 5-6.
10  *See* 28 U.S.C. §§ 1915(e)(2), 1915A.

frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding *in forma pauperis* and is also incarcerated.

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.[11] "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"[12] "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[13] In determining whether a complaint states a plausible claim for relief, this Court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor."[14]

Plaintiff has brought her claim pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the

---

[11] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).
[12] *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[13] *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[14] *Alpizar-Fallas v. Favero*, 908 F.3d 910, 914 (3d Cir. 2018).

party injured in an action at law, suit in equity, or other proper proceeding for redress.

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law."[15]

As alleged, the treatment Plaintiff sustained at SCI Muncy is deplorable and her desire for stricter PREA laws commendable, however the Court must dismiss her complaint because none of the named Defendants appear to have been involved in the incident with Porter or are otherwise responsible for PREA at SCI Muncy. "A defendant in a civil rights action 'must have personal involvement in the alleged wrongs to be liable,' and 'cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.'"[16] Supervisory liability cannot be imposed under § 1983 by *respondeat superior*.[17] "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own

---

[15] *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).
[16] *Baraka v. McGreevey,* 481 F.3d 187, 210 (3d Cir. 2007). *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).
[17] *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976); *Durmer v. O'Carroll*, 991 F.2d 64, 69 n.14 (3d Cir. 1993).

misconduct."[18] A plaintiff must show that an official's conduct caused the deprivation of a federally protected right.[19]

None of the Defendants named in the complaint are connected to any of the factual allegations. Plaintiff must explain how each Defendant was involved in, contributed to, or caused the wrongful conduct. Further, if Plaintiff intends for her request for stricter PREA laws or enforcement to be a request for prospective injunctive relief, Plaintiff would need to name as a defendant the appropriate official in their official capacity.[20]

In addition, to the extent that Plaintiff intended to bring a claim against SCI Muncy, the Court will dismiss with prejudice Defendant SCI Muncy because a state prison is not a person subject to suit under § 1983.[21]

Generally, "plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile."[22] Because Plaintiff may be able to remedy the aforementioned pleading defects, the Court will grant Plaintiff an opportunity to amend her complaint.

---

[18] *Iqbal*, 556 U.S. at 677.
[19] *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Gittlemacker v. Prasse*, 428 F.2d 1, 3 (3d Cir. 1970) (A plaintiff "must portray specific conduct by state officials which violates some constitutional right.").
[20] *See Iles v. de Jongh*, 638 F.3d 169, 177 (3d Cir. 2011).
[21] *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (state agencies not subject to suit under § 1983); *Foye v. Wexford Health Sources, Inc.*, 675 F. App'x 210, (3d Cir. 2017) (holding that state prison and Pennsylvania Department of Corrections were not "persons" subject to suit under § 1983).
[22] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

## III. CONCLUSION

For the foregoing reasons, this Court will dismiss the complaint without prejudice for failure to state a claim upon which relief may be granted, with leave to amend granted and dismiss with prejudice Defendant SCI Muncy.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge