IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA SMITH, | No. 4:20-CV-00264 |
| Plaintiff, | (Judge Brann) |
| v. | |
| DEPUTY FRANTZ, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

APRIL 9, 2020

## I. BACKGROUND

Plaintiff Lisa Smith initiated this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 while confined at the State Correctional Institution at Cambridge Springs in Cambridge Springs, Pennsylvania, regarding an incident that occurred while she was incarcerated at the State Correctional Institution at Muncy, in Muncy, Pennsylvania.[1] The Court's recent attempts to communicate by mail with Plaintiff have been returned as undeliverable and stamped "Return to Sender" and "Refused," with a notation that Plaintiff has been released.[2] A review of the Pennsylvania Department of Corrections' Inmate Locator provides that Plaintiff is not in the custody of the DOC.

---

[1] *See* Doc. 1.
[2] *See* Docs. 13, 14.

1

## II. DISCUSSION

A review of the docket reflects that a copy of this Court's Standing Practice Order was mailed to Plaintiff on February 14, 2020.[3] The Standing Practice Order provides, in pertinent part:

> A *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her current address. If the plaintiff changes his or her address while the lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit.[4]

Middle District of Pennsylvania Local Rule 83.18 similarly provides that a *pro se* litigant has an affirmative obligation to keep the Court informed of his or her address and must immediately inform the Court if his or her address changes during the course of the litigation.[5]

Although Plaintiff has been released from custody with a change in address, she has failed to provide this Court with her current address in violation of the requirements of Local Rule 83.18 and the Standing Practice Order, and the Court is unable to discern where Plaintiff may be located. The Court notes that Plaintiff may

---

[3] *See* Doc. 9.
[4] *Id.*
[5] The Court notes that the U.S. District Court for the Eastern District of Pennsylvania, where this case was originally filed before it was transferred to this Court, has a similar rule. *See* E.D. Pa. Loc. R. 5.1(b) (Any party who appears pro se . . . shall notify the Clerk within fourteen (14) days of any change of address."). Plaintiff was thus on notice that she must keep her address current with the Court at the time she filed her complaint.

not have received the Court's Standing Practice Order, as it was one of the documents returned as undeliverable.

When a plaintiff fails to prosecute a case or comply with an order of court, dismissal of the action is appropriate.[6] Plaintiff's present whereabouts are unknown, and she has not made any filings or otherwise communicated with the Court since the filing of her application to proceed *in forma pauperis* on September 25, 2017.[7] Plaintiff's failure to provide her current address has prevented this matter from proceeding, especially as she cannot comply with recent Court orders since she has not received them.[8]

Based on these circumstances, the Court concludes that Plaintiff is no longer interested in pursuing her pending claims. Accordingly, it would be a waste of judicial resources to allow this action to continue. The Court's inability to communicate with Plaintiff is solely the result of her own inaction and renders ineffective any sanction short of dismissal.[9]

---

[6] *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962).
[7] *See* Doc. 5.
[8] *See*, *e.g.*, Doc. 11, 12 (dismissing complaint without prejudice and directing Plaintiff to file an amended complaint within thirty days).
[9] *See Poulis v. State Farm*, 747 F.2d 863 (3d Cir. 1984).

## III. CONCLUSION

For the foregoing reasons, this Court will dismiss this action for failure to prosecute. In the event that Plaintiff provides the Court with her current address within a reasonable period of time, this determination may be reconsidered.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge